UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO.: 4:08CV-84-M**

**WANDA LINDLE**                                                                                      **PLAINTIFF**

**v.**

**FIFTH THIRD BANK, et al.**                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the defendants, Fifth Third Bank, Sharon Moore, and Jessica Wicker, for summary judgment [DN 21]. The plaintiff alleges that these defendants, by reporting certain information to the City of Madisonville Police Department, engaged in malicious prosecution and caused the plaintiff to be falsely arrested. As originally filed in the Hopkins Circuit Court, the plaintiff had also named the City of Madisonville and Scott Gipson, a police officer for the City, as defendants, alleging that they additionally deprived her of rights secured by the Fifth and Fourteenth Amendments to the Constitution. Pursuant to that allegation, the defendants removed the matter to this Court based upon federal question jurisdiction under 28 U.S.C. § 1331. Because the parties were not completely diverse, i.e. the plaintiff and some defendants were citizens of Kentucky, the Court only exercised supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Prior to the defendants' motion for summary judgment, the Court entered an agreed order in which the plaintiff voluntarily dismissed the City of Madisonville and Scott Gipson with prejudice. By dismissing those parties, the Court dismissed all claims over which

it had original jurisdiction.  The Court must now determine whether to continue to exercise supplemental jurisdiction over the plaintiff's state law claims or whether to remand the matter back to the Hopkins Circuit Court.  See, e.g., 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction).

Generally, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (quotation omitted).  Although this is not a mandatory rule, see Taylor v. First of Am. Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992), the Court must "consider such factors as comity, judicial economy, convenience, and fairness in deciding whether to exercise jurisdiction over pendent state law claims, as well as the avoidance of unnecessarily deciding state law."  Fossyl v. Milligan, 317 F. App'x 467, 473 (6th Cir. 2009) (unpublished) (citing Pinney Dock & Transp. Co. v. Penn. Cent. Corp., 196 F.3d 617, 620-21 (6th Cir. 1999)).  And in a removed case, if these factors weigh against exercising jurisdiction, the matter should be remanded to the state court.  Gaff v. Fed. Deposit Ins. Corp., 814 F.2d 311, 319 (6th Cir. 1987).

Here, the Court finds that these factors weigh against exercising supplemental jurisdiction over the plaintiff's state law claims.  Primarily, the Court finds that by remanding the matter to state court, it would avoid "unnecessarily deciding state law."  Further, as a matter of comity, the Court finds that Kentucky state courts are in a better position to decide issues of

state law.  The Court also finds that the parties would not be prejudiced by this result nor would judicial resources be wasted.  The only change would be that after remand, the defendants' motion for summary judgment would be pending before the state court, rather than here.  Accordingly, **IT IS HEREBY ORDERED** that this matter be **REMANDED** to the Hopkins Circuit Court.


cc:     Counsel of Record
        Hopkins Circuit Court